IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MATTHEW SCIABACUCCHI, Individually and On Behalf of All Others Similarly Situated, | ) ) ) Case No. _____ ) ) JURY TRIAL DEMANDED |
| Plaintiff, | ) ) CLASS ACTION |
| v. | ) ) |
| SNYDER'S-LANCE, INC., JEFFREY A. ATKINS, PETER P. BRUBAKER, C. PETER CARLUCCI, JR., JOHN E. DENTON, BRIAN J. DRISCOLL, LAWRENCE V. JACKSON, JAMES W. JOHNSTON, DAVID C. MORAN, DAN C. SWANDER, ISAIAH TIDWELL, PATRICIA A. WAREHIME, CAMPBELL SOUP COMPANY, and TWIST MERGER SUB, INC., | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on December 18, 2107 (the "Proposed Transaction") pursuant to which Snyder's-Lance, Inc., ("Snyder's-Lance" or the "Company") will be acquired by Campbell Soup Company ("Parent") and its wholly-owned subsidiary, Twist Merger Sub, Inc. ("Merger Sub," and together with Parent, "Campbell").

2. On December 18, 2017, the Board caused Snyder's-Lance to enter into an agreement and plan of merger (the "Merger Agreement") with Campbell. Pursuant to the terms of

the Merger Agreement, shareholders of Snyder's-Lance will receive $50.00 per share in cash.

3. On January 18, 2018, defendants filed a preliminary proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Snyder's-Lance common stock.

9. Defendant Snyder's-Lance is a North Carolina corporation and maintains its principal executive offices at 13515 Ballantyne Corporate Place, Charlotte, North Carolina 28277.

Snyder's-Lance common stock is traded on the NasdaqGS under the ticker symbol "LNCE."

10. Defendant Jeffrey A. Atkins ("Atkins") is a director of the Company.

11. Defendant Peter P. Brubaker ("Brubaker") is a director of the Company.

12. Defendant C. Peter Carlucci, Jr. ("Brewer") is a director of the Company.

13. Defendant John E. Denton ("Denton") is a director of the Company.

14. Defendant Brian J. Driscoll ("Driscoll") is a director of the Company.

15. Defendant Lawrence V. Jackson ("Jackson") is a director of the Company.

16. Defendant James W. Johnston ("Johnston") is a Chairman of the Board of the Company.

17. Defendant David C. Moran ("Moran") is a director of the Company.

18. Defendant Dan C. Swander ("Swander") is a director of the Company.

19. Defendant Isaiah Tidwell ("Tidwell") is a director of the Company.

20. Defendant Patricia A. Warehime ("Warehime") is a director of the Company.

21. The defendants identified in paragraphs 10 through 20 are collectively referred to herein as the "Individual Defendants."

22. Defendant Parent is a New Jersey corporation and maintains its principal executive offices at One Campbell Place, Camden, New Jersey 08103. Parent's common stock is traded on the NYSE under the ticker symbol "CPB."

23. Defendant Merger Sub is a North Carolina corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Snyder's-Lance (the "Class"). Excluded from the Class are defendants herein and

any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

25. This action is properly maintainable as a class action.

26. The Class is so numerous that joinder of all members is impracticable. As of the close of business on December 15, 2017, there were approximately 97,237,528 shares of Company common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

27. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

28. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

29. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

30. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

31. Snyder's-Lance manufactures and markets snack foods throughout the United

States and internationally.

32. Snyder's-Lance's products include pretzels, sandwich crackers, pretzel crackers, potato chips, cookies, tortilla chips, restaurant style crackers, popcorn, nuts, and other snacks.

33. The Company's products are sold under the Snyder's of Hanover®, Lance®, Kettle Brand®, KETTLE® Chips, Cape Cod®, Snack Factory® Pretzel Crisps®, Pop Secret®, Emerald®, Late July®, Krunchers!®, Tom's®, Archway®, Jays®, Stella D'oro®, Eatsmart Snacks™, O-Ke-Doke®, Metcalfe's skinny®, and other brand names along with a number of third party brands.

34. Products are distributed nationally through grocery and mass merchandisers, convenience stores, club stores, food service outlets, and other channels.

35. On December 18, 2018, the Individual Defendants caused the Company to enter into the Merger Agreement.

36. Pursuant to the terms of the Merger Agreement, shareholders of Snyder's-Lance will receive $50.00 per share in cash.

37. On January 18, 2018, defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

38. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

39. The Proxy Statement omits material information regarding Snyder's-Lance's financial projections and the financial analyses performed by the Company's financial advisor, Goldman Sachs & Co. LLC ("Goldman").

40. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial

advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

41. With respect to Snyder's-Lance's financial projections, the Proxy Statement fails to disclose: (i) unlevered free cash flow; (ii) depreciation and amortization; (iii) taxes; (iv) increase in net working capital; (v) capital expenditures; (vi) net operating losses; and (vii) a reconciliation of all non-GAAP to GAAP metrics.

42. With respect to Goldman's *Illustrative Discounted Cash Flow Analyses*, the Proxy Statement fails to disclose: (i) the estimates of the unlevered free cash flow to be generated by the Company for the period from October 1, 2017 to December 31, 2020 and the underlying line items; (ii) the range of illustrative terminal values for the Company as of December 31, 2020; (iii) the Company's net debt; (iv) the fully diluted shares of Company common stock outstanding on a standalone basis as of December 15, 2017; and (v) the specific inputs and assumptions underlying the perpetuity growth rate range and the discount rate range.

43. With respect to Goldman's *Illustrative Present Value of Future Share Price Analyses*, the Proxy Statement fails to disclose: (i) the Company's net debt; (ii) the specific inputs and assumptions underlying the discount rates; and (iii) estimated dividends per share.

44. With respect to Goldman's *Historical Trading Multiples* analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for the companies observed by Goldman in the analysis.

45. With respect to Goldman's *Premia Paid Analysis*, the Proxy Statement fails to disclose: (i) the transactions observed by Goldman in the analysis; and (ii) the premiums paid in

6

such analyses.

46. The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Reasons for the Merger; (iii) Recommendation of Our Board; (iv) Unaudited Prospective Financial Information; and (v) Opinion of Goldman Sachs & Co. LLC.

47. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Snyder's-Lance's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Snyder's-Lance**

48. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Snyder's-Lance is liable as the issuer of these statements.

50. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

51. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

52. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

53. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

54. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

55. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Campbell

56. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

57. The Individual Defendants and Campbell acted as controlling persons of Snyder's-Lance within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Snyder's-Lance and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

58. Each of the Individual Defendants and Campbell was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

59. In particular, each of the Individual Defendants had direct and supervisory

8

involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly in the making of the Proxy Statement.

60. Campbell also had direct supervisory control over the composition of the Proxy Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Proxy Statement.

61. By virtue of the foregoing, the Individual Defendants and Campbell violated Section 20(a) of the 1934 Act.

62. As set forth above, the Individual Defendants and Campbell had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not

contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: January 29, 2018

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Tel.: (302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Tel.: (484) 324-6800

**WARD BLACK LAW**
By: /s/Nancy Meyers
Nancy Meyers
NC Bar No. 23339
208 West Wendover Avenue
Greensboro, NC 27401
Tel.: (336) 510-2014
Fax: (336) 510-2181
nmeyers@wardblacklaw.com

*Attorneys for Plaintiff*